

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON FILLER, MD, PHD, APC, | No. 13-55268 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-08760-CAS-JEM |
| And | |
| NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, APC, a California corporation; IMAGE BASED SURGICENTER, INC., a California corporation, | MEMORANDUM* |
| Plaintiffs, | |
| v. | |
| BLUE CROSS OF CALIFORNIA, DBA Anthem Blue Cross, erroneously sued separately as Anthem Blue Cross and Blue Cross of California; ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Christina A. Snyder, District Judge, Presiding

Submitted February 11, 2015[**]
Pasadena, California

Before: SENTELLE,[***] CHRISTEN, and HURWITZ, Circuit Judges.

Dr. Aaron Filler, the Image Based Surgicenter, Inc., and Neurography Institute Medical Associates, APC (collectively, "Filler") appeal the dismissal of their complaint against Blue Cross of California, Anthem Blue Cross, and Anthem Blue Cross Life and Health Insurance Company (collectively, "Blue Cross"). On appeal, Filler challenges only the subject matter jurisdiction of the district court over this removed action. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

**1.** Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, 88 Stat. 829, 891 ("ERISA"), provides that "[a] civil action may be brought—(1) by a participant or beneficiary— . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). If a plaintiff asserting a state law cause of action "at some point in

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David Bryan Sentelle, Senior Circuit Judge for the U.S. Court of Appeals for the District of Columbia Circuit, sitting by designation.

2

time, could have brought his claim under ERISA § 502(a)(1)(B)," and "there is no other independent legal duty that is implicated by a defendant's actions," § 502(a)(1)(B) completely preempts the state cause of action. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

**2.** District court jurisdiction was not defeated by Filler's alleged lack of federal standing. As an assignee of his patients' ERISA benefits, Filler had both Article III standing and statutory standing to sue, notwithstanding the anti-assignment clauses in the patients' insurance contracts. *See Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1288-91, 1296-97 (9th Cir. 2014); *Davidowitz v. Delta Dental Plan of Cal., Inc.*, 946 F.2d 1476, 1477, 1481 (9th Cir. 1991); *see also City of Hope Nat'l Med. Ctr. v. HealthPlus, Inc.*, 156 F.3d 223, 228 (1st Cir. 1998).

**3.** Filler's state law claims for negligent entrustment, conversion, and interference with contractual relations were completely preempted under § 502(a)(1)(B). The claims were premised on recovering money owed to Filler's patients under an ERISA benefits plan, and thus fell "within the scope of ERISA § 502(a)." *See Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1110 (9th Cir. 2011). The independent legal duties Filler alleged were merely attempts to "'obtain relief by dressing up an ERISA benefits claim in the garb of a

3

state law tort.'" *Id.* at 1110-11 (quoting *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005)). Thus, the district court had subject matter jurisdiction under the general federal question statute, 28 U.S.C. § 1331.

**4.** Because this appeal challenges only the district court's subject matter jurisdiction, we express no opinion on the merits of the dismissed or remanded claims.

**AFFIRMED.**